## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

DONALD SAUVIAC                          CIVIL ACTION

VERSUS                                  NO:  14–1027

LEON CANNIZZARO                         SECTION: "H" (2)


## <u>ORDER AND REASONS</u>

Before the Court is Defendant's Motion to Dismiss for Failure to State a Claim (R. Doc. 4). For the following reasons, Defendant's Motion is DENIED.


## BACKGROUND

This civil action for declaratory and injunctive relief is based on the enforcement of a child support order in civil contempt proceedings.  Plaintiff Donald A. Sauviac, a licensed Louisiana attorney proceeding *pro se*, filed this civil action against Defendant Orleans Parish District Attorney Leon Cannizaro under 42  U.S.C. § 1983.

1

Plaintiff is under an order for child support for his fifteen-year-old daughter. Plaintiff claims that he is indigent, but the civil district court "imputed income" to him when it ordered monthly child support payments. When Plaintiff did not make timely payments, the custodial parent, Diane Sauviac, applied to the Louisiana Department of Children and Family Services ("DCFS") for services to enforce and collect the support obligation under Louisiana Revised Statute section 46:236.1.2.

DCFS provides enforcement services to payee-parents by contracting with district attorneys to initiate legal proceedings.[1] An attorney that initiates child support enforcement proceedings for DCFS "represent[s] the State of Louisiana, Department of Children and Family Services *exclusively*."[2] In other words, the district attorney does not represent the payee-parent. Further, when the district attorney represents DCFS, the statute provides him immunity from civil liability for his participation in child support enforcement proceedings.[3]

On two separate occasions, Defendant District Attorney Leon Cannizzaro instituted civil contempt proceedings against Plaintiff to collect unpaid child support. At the first hearing, Plaintiff was unable to pay and was incarcerated in Orleans Parish Prison for thirty days. At a second hearing, Plaintiff alleges that he voluntarily tendered funds, which Defendant misapplied. Plaintiff further alleges that he only avoided ninety days incarceration because someone paid the debt on his behalf. Plaintiff alleges that both civil contempt hearings

---

[1] La. Rev. Stat. § 46:236.1.7 (2014).

[2] *Id.* § 46:236.1.7(B) (emphasis added).

[3] *Id.* § 46:236.1.7(A).

were held without the required notice and that in each Defendant represented the payor-spouse on behalf of the State while Plaintiff was denied counsel.

Plaintiff's claim is a constitutional attack on his civil contempt hearings for lack of due process.  Plaintiff alleges that the U.S. Constitution and the Supreme Court's holding in *Turner v. Rodgers*[4] require the appointment of counsel or other procedural safeguards that were absent at those hearings. Further, because of Plaintiff's continuing inability to pay, these constitutional violations are likely to recur at future hearings.

Plaintiff sued Defendant in his official capacity, alleging that Defendant violated his constitutional right to due process for three reasons.  First, Plaintiff complains that he is indigent and was not provided counsel.  Second, he alleges that he was not on notice that his ability to pay was an issue in setting child support.  Finally, he argues that the State represented the payee-parent in the contempt hearings but did not provide him counsel.

Defendant filed the instant Motion pursuant to Federal Rules of Civil Procedure Rule 12(b)(6), alleging that Plaintiff's Complaint fails to state a claim upon which relief can be granted. Plaintiff has not opposed this Motion.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[5]  A claim is

---

[4] 131 S. Ct. 2507 (2011).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

"plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[6] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[7]   The court need not, however, accept as true legal conclusions couched as factual allegations.[8]   To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[9]   If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[10]   The court's review "is limited to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."[11]

## LAW AND ANALYSIS

Plaintiff has not opposed this Motion.  This does not, however, mean that the Court may grant the Motion as unopposed.   Rather, the Fifth Circuit approaches the automatic grant of dispositive motions with considerable aversion.[12]   Accordingly, the Court has carefully considered this Motion.

---

[6] *Id.*

[7] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

[8] *Iqbal*, 556 U.S. at 678.

[9] *Id.*

[10] *Lormand*, 565 F.3d at 255–57.

[11] *Jones v. Bock*, 549 U.S. 199, 215 (2007).

[12] *See, e.g.*, *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012) ("[The] failure to oppose a 12(b)(6) motion is not in itself grounds for granting the motion. Rather, a court assesses the legal sufficiency of the complaint.");

Defendant argues that Plaintiff's Complaint fails to state a claim for three reasons.  First, Defendant argues that he is statutorily immune from this suit. Second, he argues that the Complaint fails to state a claim because it contains only incorrect legal conclusions couched as facts.  Finally, Defendant argues that the Orleans Parish District Attorney is not the proper defendant.  Having considered this Motion and the law, the Court finds that Defendant's Motion is without merit.  The Court will address each of Defendant's arguments in turn.

## A. Statutory Immunity

First, Defendant argues that he is entitled to immunity from this suit pursuant to Louisiana Revised Statute section 46:236.1.7(A), which provides that the district attorney shall be immune from civil liability when acting in the capacity at issue in this case.[13]  Although a prosecutor enjoys absolute immunity from damages liability, he is not immune from section 1983 suits seeking injunctive relief.[14]  Here, Plaintiff seeks only injunctive relief from Defendant in

_Johnson v. Pettiford_, 442 F.3d 917, 918 (5th Cir. 2006) (per curiam); _John v. La. (Bd. of Trustees)_, 757 F.2d 698, 709 (5th Cir. 1985).

[13] La. Rev. Stat. § 46:236.1.7(A) provides:
The district attorney, department, and their respective staff acting pursuant to this Subpart and R.S. 9:396(B) shall be immune from civil liability that otherwise might be incurred or imposed. Such immunity shall extend to participation in any judicial proceeding resulting from any actions under this Subpart, but shall not limit or otherwise affect the liability of any person for damages resulting from such person's gross negligence or from his reckless, wanton, aor intentional misconduct.

[14] _See Supreme Court of Virginia v. Consumers Union of U. S., Inc._, 446 U.S. 719, 736 (1980) ("Prosecutors enjoy absolute immunity from damages liability, _Imbler v. Pachtman_, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), but they are natural targets for § 1983 injunctive suits since they are the state officers who are threatening to enforce and who are enforcing the law.").

his official capacity.  Therefore, Defendant is not immune from this suit.

## B. Failure to State a Claim

Second, Defendant argues that the Complaint fails to state a claim because it contains only incorrect legal conclusions couched as facts.  Specifically, Defendant argues that (1) the district attorney does not represent the payee-parent, (2) the district attorney has no authority to appoint counsel for Plaintiff, and (3) the district attorney cannot hold persons in contempt or order them incarcerated.  All of Defendant's arguments are correct.  However, none of these statements prevent Plaintiff from properly pleading a claim for the violation of his due process rights.  In order to prove a due process violation, Plaintiff must show that he "has asserted a recognized liberty or property interest within purview of Fourteenth Amendment and that [he] was intentionally or recklessly deprived of that interest, even temporarily, under color of state law."[15] Defendant does not present this Court with any reason why Plaintiff's Complaint fails to allege such.

Indeed, Defendant's arguments that Plaintiff fails to state a claim speak only to whether Defendant is the proper party for this suit.  As discussed in detail below, in order for Plaintiff's claim to pass muster, he need only show that Defendant has some connection with the alleged unconstitutional act's enforcement.  Plaintiff's Complaint alleges that Defendant actually initiated the civil contempt proceedings against him for unpaid child support under section 46:236 in violation of his constitutional right to due process.  As discussed in

---

[15] *Woodard v. Andrus*, 419 F.3d 348, 353 (5th Cir. 2005).

more detail below, that is all that is necessary to state a claim against Defendant.

## C. Proper Party

Finally, Defendant argues that he is not the proper party in this suit because "[t]he proper defendant in this case is the executive branch state officer charged with enforcing the statute."[16] To the extent Defendant argues that there is only one proper defendant in this case, he ignores *Ex Parte Young* and its progeny. In a section 1983 suit, any of several state actor defendants may be proper parties so long as they have "some connection" with the enforcement of the alleged unconstitutional act.[17]

The Eleventh Amendment bars suits by private citizens against a state in federal court, whether it seeks monetary damages or injunctive relief.[18] Further, filing suit against an individual state officer rather than the State in its own name does not skirt the Eleventh Amendment bar.[19] The *Ex Parte Young* exception, however, permits suits by private citizens against individual state officials solely for the purpose of enjoining the enforcement of an unconstitutional state statute where the particular state officer defendant has "some connection" with the act's enforcement.[20]

*Ex Parte Young* rests on the premise that because a state cannot commit

---

[16] R. Doc. 4–2, at p. 6.

[17] *See Ex Parte Young*, 209 U.S. 123, 157 (1908).

[18] *See Hutto v. Finney*, 437 U.S. 678, 700 (1978).

[19] *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

[20] *Young*, 209 U.S. at 157.

an unconstitutional act, a state official acting unconstitutionally is stripped of Eleventh Amendment immunity.[21]   Although the *Ex Parte Young* exception provides a way around the Eleventh Amendment, its application hinges on the state officer's connection to the enforcement of the statute.  Otherwise, the suit is barred as merely against the State generally.[22]  *Ex Parte Young* describes the required connection:

> The fact that the state officer, by virtue of his office, has some connection with the enforcement of the act, is the important and material fact, and whether it arises out of the general law, or is specially created by the act itself, is not material so long as it exists.[23]

*Ex Parte Young* was a suit to enjoin Minnesota's Attorney General from enforcing a state statute regulating railroad rates and threatening violators with heavy sanctions.[24] There, the state's railroad commission had no absolute duty to enforce the act, so that the attorney general was only bound to enforce it when the commission discretionarily ordered that an action be brought.[25]   In addressing the attorney general's duty to enforce the statute, the Court noted, "By his official conduct it seems that he regarded it as a duty connected with his office to compel the company to obey the commodity act, for he commenced

---

[21] *Id.* at 160; *see also Va. Office for Prot. & Advocacy v. Stewart*, 131 S.Ct. 1632, 1638 (2011).

[22] *Young*, 290 U.S. at 157.

[23] *Id.*

[24] *Id.*

[25] *Id.* at 161.

8

proceedings to enforce such obedience . . . ."[26]  Thus, "[the attorney general's] power, by virtue of his office, sufficiently connected him with the duty of enforcement to make him a proper party."[27]

*Ex Parte Young*'s "some connection" requirement is unsettled in the Fifth Circuit.  In the en banc case *Okpalobi v. Foster*, an Eleventh Amendment analysis requiring a heightened "special relationship" for *Ex Parte Young*'s application did not garner majority support and is therefore not binding precedent.[28]  In a subsequent panel decision, *K.P. v. LeBlanc*, the Fifth Circuit declined to resolve whether a "special relationship" or only "some connection" is necessary between the state official and the challenged statute.[29]  Rather, the Fifth Circuit returned to the plain wording of *Ex Parte Young,* which requires "some connection" with the act's "enforcement."

In *LeBlanc*, the panel's majority interpreted "enforcement" as involving "compulsion or constraint."[30]  There, a Louisiana statute created a private civil cause of action under which "[a]ny person who performs an abortion is liable to the mother of the unborn child for any damage occasioned or precipitated by the abortion."[31]  A former patient sued her doctors and Hope Medical for negligence, but the Louisiana Patient's Compensation Fund, which provides uniform

---

[26] *Id.*

[27] *Id.*

[28] *K.P. v. LeBlanc*, 627 F.3d 115, 124 (discussing *Okpalobi v. Foster*, 244 F.3d 405, 410–24 (5th Cir. 2001)).

[29] *Id.* at 124.

[30] *Id.* (citing Webster's Third New International Dictionary 751 (1993)).

[31] La. Rev. Stat. § 9:2800.12(A) (2014).

compensation for patient's malpractice claims for enrolled doctors, denied her claim.[32]  Subsequently, the doctors and clinic filed suit against the members of the Louisiana Patient's Compensation Fund's Oversight Board individually in their official capacities, alleging that the statute was unconstitutionally vague and that it violated the doctor's and patient's Fourteenth Amendment rights.[33] The Board members sought dismissal on Eleventh Amendment immunity grounds.[34]

The court held that the individuals sued in their official capacity as members of Louisiana's Patient's Compensation Fund Oversight Board were not entitled to immunity from suit.[35] Applying *Ex Parte Young*, the court interpreted "enforcement" as involving "compulsion or constraint."[36] The court reasoned that because the Board members considered claims and whether to pay them, they took an active role in enforcing the statute at issue.[37]

In this case, Defendant commenced support enforcement proceedings pursuant to the contested act.  As such, Defendant has taken an active role in the enforcement of the statute.  This case is not unlike *Ex Parte Young*, where the railroad commission tasked the attorney general with enforcing the rate regulating statute.[38] Like the attorney general in *Ex Parte Young*, Defendant is

---

[32] *LeBlanc*, 627 F.3d at 119–20.

[33] *Id.*

[34] *Id.*

[35] *Id.* at 124–25.

[36] *Id.* at 124.

[37] *Id.*

[38] *Young*, 290 U.S. at 126.

10

sufficiently connected with the duty of enforcement to make him a proper party. Defendant has the requisite connection with the enforcement of child support obligations because he filed contempt proceedings to compel Plaintiff to pay them. By his official conduct, it seems Defendant regarded it as a duty connected with his office to compel Plaintiff to pay his child support obligation.[39] As such, Defendant is a proper party to this suit.[40]

## CONCLUSION

For the foregoing reasons, this Motion is DENIED.

New Orleans, Louisiana, this 9th day of March, 2015.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[39] *Id.* at 161.

[40] *See, e.g, King v. Louisiana ex rel. Jindal*, No. 13-4913, 2013 WL 5673584, at *2–3 (E.D. La. Oct. 16, 2013) (holding Attorney General's power and willingness to enforce a state statute by specifically appointing the St. Charles Parish District Attorney's Office to prosecute plaintiffs under state statute was enough to establish "some connection" with the enforcement of the disputed act).