UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DONALD SAUVIAC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 14–1027** |
| **LEON CANNIZZARO** | **SECTION: "H" (2)** |

### ORDER AND REASONS

Before the Court are Defendant's Motion to Dismiss for Failure to Comply with Court Orders (Doc. 17) and Motion to Strike Class Allegations (Doc. 16). For the following reasons, Defendant's Motions are GRANTED.

### BACKGROUND

This civil action for declaratory and injunctive relief involves the enforcement of child support orders in civil contempt proceedings. Plaintiff Donald A. Sauviac, a licensed Louisiana attorney proceeding *pro se*, filed this civil action against Defendant Orleans Parish District Attorney Leon Cannizaro

1

under 42 U.S.C. § 1983. Plaintiff's claim is a constitutional attack on certain civil contempt hearings for the enforcement of child support payments that were brought against him. Plaintiff alleges that the U.S. Constitution and the Supreme Court's holding in *Turner v. Rodgers* require the appointment of counsel or other procedural safeguards that were absent at those hearings.[1] His Complaint purports to be brought on his behalf and on the behalf of all other similarly situated persons facing civil contempt proceedings for their inability to pay child support.

Shortly after the filing of this action, Defendant filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure Rule 12(b)(6), alleging that Plaintiff's Complaint failed to state a claim upon which relief could be granted. Despite the fact that Plaintiff failed to oppose that motion, this Court denied it on the grounds that Plaintiff had stated a claim to which Defendant was the proper party. Defendant now moves to strike Plaintiff's class allegations and dismiss his complaint for failure to comply with court orders. Plaintiff has once again failed to oppose these Motions. This does not, however, mean that the Court may grant the Motions as unopposed. Rather, the Fifth Circuit approaches the automatic grant of dispositive motions with considerable aversion.[2] Accordingly, the Court has carefully considered these Motions.

---

[1] 131 S. Ct. 2507 (2011).

[2] *See, e.g.*, *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012) ("[The] failure to oppose a 12(b)(6) motion is not in itself grounds for granting the motion. Rather, a court assesses the legal sufficiency of the complaint."); *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (per curiam); *John v. La. (Bd. of Trustees)*, 757 F.2d 698, 709 (5th Cir. 1985).

## LAW AND ANALYSIS

### *A. Motion to Dismiss for Failure to Comply with Court Orders*

First, Defendant asks this Court to dismiss Plaintiff's claim in light of his failure to comply with the Court's prior orders. Specifically, Defendant contends that he served Plaintiff with a set of interrogatories and requests for production on April 24, 2015 to which he never received a response. After an unsuccessful conference with Plaintiff, Defendant filed a Motion to Compel, which Plaintiff did not oppose. This Court issued an order on July 28, 2015, ordering Plaintiff to respond to discovery. He has yet to do so. In addition to failing to engage in any discovery, Plaintiff has never opposed any motion filed by Defendant. In fact, Plaintiff has not taken any action in furtherance of his claim since he filed it in May of 2014, save attending one preliminary status conference in May of 2015. This matter is set for trial in less than two months.

Federal Rule of Civil Procedure 37 permits dismissal of an action as a sanction for failure to obey a discovery order. In addition Federal Rule of Civil Procedure 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." The Supreme Court has stated that "when circumstances make such action appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting."[3]  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of

---

[3] *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962).

pending cases and to avoid congestion in the calendars of the District Courts."[4] In determining when to dismiss a claim for failure to prosecute, the Fifth Circuit has consistently held that:

> Rule 41(b) dismissals with prejudice will be affirmed only upon a showing of a clear record of delay or contumacious conduct by the plaintiff and where lesser sanctions would not serve the best interests of justice. . . . [S]everal of our decisions have also inquired into the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct.[5]

Here, Plaintiff has delayed the resolution of this issue by his refusal to participate in discovery, he has shown little interest in the result of this suit in his failure to oppose any of Defendant's motions, and he has directly ignored orders of this Court. Further, because Plaintiff is an attorney representing himself *pro se*, he is fully responsible for all of his dilatory conduct in this action. Even if this Court were to allow Plaintiff additional time to respond to Defendant's discovery requests, it would be insufficient to allow Defendant time to prepare for the trial set for next month. Accordingly, this Court believes it is justified in dismissing Plaintiff's claims with prejudice for failure to prosecute and as a sanction for failure to comply with the Court's orders. Plaintiff's claims are dismissed with prejudice.

---

[4] *Id.*

[5] *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982) (internal quotations and alterations omitted).

### *B. Motion to Strike Class Allegations*

Defendant next asks this Court to strike Plaintiff's class allegations in light of his failure to move for class certification.  Because this Court has dismissed Plaintiff's claims with prejudice, this issue is mooted.  However, out of an abundance of caution, it will consider Defendant's Motion.  Defendant correctly notes that under Local Rule 23(c)(1), "[w]ithin 91 days after filing of a complaint in a class action . . . , plaintiff must move for class certification under FRCP 23(c)(1), unless this period is extended upon motion for good cause and order by the court."  In the year and a half since Plaintiff filed his Complaint, he has neither moved for class certification nor sought an extension of time.

Several courts in this district have found striking a class action allegation to be a suitable remedy for the failure to timely move for class certification.[6] This Court agrees and follows its sister courts in granting Defendant's motion to strike Plaintiff's class action allegations.

---

[6] *E.g.*, *Escoe v. State Farm Fire & Cas. Co.*, No. 07-1123, 2007 WL 2903048, at *3 (E.D. La. Sept. 27, 2007); *McGuire v. Gulf Stream Coach, Inc.*, No. 06-5659, 2007 WL 1198935, at *1 (E.D. La. Apr. 20, 2007) (and cases cited therein).

## CONCLUSION

For the foregoing reasons, Defendant's Motions are GRANTED, and Plaintiff's actions are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 30th day of November, 2015.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**